**UNITED STATES of America,**
**Appellee,**

v.

**Ramon FERNANDEZ, also known as Chino, also known as Gionny, Escolastico Taveras, also known as Guillermo, Felix Abreu, also known as**

Fortunato Juan Luciano, also known as J.C., Dewel Montalvo, also known as Leo also known as Coco, Bladimir Jimenez, also known as Bladismir, also known as Frank and Eduardo Adames, Defendants,

Ramon Ramos, also known as Cuca, Defendant–Appellant.

Docket No. 02–1262.

United States Court of Appeals, Second Circuit.

Sept. 16, 2005.

Richard B. Lind, New York, N.Y. (on submission), for Appellant.

Jennifer G. Rodgers, Assistant United States Attorney, New York, N.Y. (David N. Kelley, United States Attorney, and Michael M. Purpura, Assistant United States Attorney), (on submission), for Appellee, of counsel.

Present: CARDAMONE, JACOBS, and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED** as to the conviction and the case is **REMANDED** for sentencing proceedings consistent with *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

Ramon Ramos appeals the sentence imposed by the United States District Court for the Southern District of New York (Chin, *J.*), following his guilty plea to conspiracy to possession with intent to distribute more than one kilogram of heroin. Ramos challenges: (1) the sufficiency of the finding that he obstructed justice by repeated perjuries (including denial that he knowingly possessed drugs); (2) the power of the judge (rather than a jury) to make that finding, under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); (3) and the attribution of more than one kilogram of heroin to Ramos without obtaining a knowing and voluntary waiver to have that issue decided by the court rather than a jury. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Ramos asserts Sixth Amendment challenges pursuant to *Blakely,* "a ruling that *Booker* has now explicitly applied to the Guidelines," *United States v. Williams,* 399 F.3d 450, 453 (2d Cir.2005), to the district court's findings of fact as to obstruction of justice and drug quantity. "Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker.*" *United States v. Garcia,* 413 F.3d 201, 220 (2d Cir.2005) ("[W]ith the mandatory use of the Guidelines excised, the traditional authority of a sentencing judge to find all facts relevant to sentencing will encounter no Sixth Amendment objection." (quoting *Crosby,* 397 F.3d at 112) (internal quotation marks omitted)). We therefore reject Ramos' Sixth Amendment arguments.

We decline to reach Ramos' challenge to the sufficiency of the district court's obstruction finding, however, because, in any event, after *Booker,* we must remand for the district court to consider whether it would have sentenced Ramos differently if it had known the Guidelines were advisory. *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).

For the foregoing reasons, the judgment of conviction is hereby **AFFIRMED** and the case is **REMANDED** for further sentencing proceedings consistent with *Booker* and *Crosby*.